UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-06924-MCS-PD | Date October 18, 2024 |
| Title *Wu v. Mercedez-Benz USA, LLC* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) REMAND ORDER (JS-6)

The Complaint in this case alleges a violation of the Song-Beverly Consumer Warranty Act. Defendant Mercedez-Benz USA, LLC, removed the action from state court, invoking diversity jurisdiction. (Notice, ECF No. 1.) Plaintiff Robert Wu moved to remand, (Mot., ECF No. 16), Defendant opposed, (Opp'n, ECF No. 17), and Plaintiff replied, (Reply, ECF No. 18). After reviewing the parties' briefing, the Court ordered Defendant to show cause why the case should not be remanded because the amount in controversy does not exceed $75,000. (OSC, ECF No. 20.) Defendant responded. (Response, ECF No. 23.) The Court deems the matter appropriate for decision without oral argument. Fed R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## I. BACKGROUND

Plaintiff alleges he purchased a used Mercedez-Benz with "serious defects and nonconformities" that "substantially impair the use" of the vehicle. (Compl. ¶¶ 15, 19–20, ECF No. 1-2.) The vehicle came with a warranty, but Plaintiff claims Defendant "failed to either promptly replace the [vehicle] or to promptly make restitution in accordance with the Song-Beverly Act." (*Id.* ¶ 24.) Plaintiff seeks

reimbursement for the price paid for the vehicle, attorney's fees, and a civil penalty of up to two times the amount of actual damages. (*Id.* ¶¶ 26–29.)

In its Notice of Removal, Defendant claims that jurisdiction exists based on diversity because the parties are residents of different states and the amount in controversy exceeds $75,000. (Notice 4–5.) To support the latter assertion, Defendant attached the sales contract, which shows that the total sale price for the vehicle was $125,163.40. (Sales Contract, ECF No. 1-2.) The sales contract also shows that Plaintiff only paid $19,300.00 as a down payment and financed the remaining $105,863.40, representing a $84,741.60 principal and $21,121.80 in finance charges, with monthly payments of $1,764.39 beginning on September 25, 2023. (*Id.*) The Court now assesses whether the damages sought exceed $75,000.

## II.     LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." (citation omitted)). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

///

## III.  DISCUSSION

Here, Defendant has failed to meet its burden to show the action places more than $75,000 in controversy. In its Response, Defendant concedes that Plaintiff has only paid $40,472.68 between his down payment and monthly financing payments made to date. (Response 6.) For the sake of argument, the Court accepts this as a reasonable estimate of Plaintiff's actual damages notwithstanding Defendant's failure to offer any information toward a mileage offset. Defendant attempts to rely on Plaintiff's request for civil penalties and attorney's fees to show that the total amount in damages exceeds $75,000. These arguments are unavailing.

First, Defendant argues that the Court must consider civil penalties in this case, which would put the amount in controversy between damages and penalty at $121,418.04. (*Id.*) However, the Court may only consider civil penalties if the alleged violations are willful. Defendant cites no allegations suggesting the type of willfulness required to justify civil penalties. *Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("Rather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty."). Plaintiff's only allegations remotely suggesting willfulness are that Defendant intentionally failed to cure the vehicle defects. Such a vague contention does not satisfy Defendant's burden. *Castillo v. FCA USA, LLC*, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant provided no argument or evidence for including a civil penalty in the amount in controversy); *Sanchez v. Ford Motor Co.*, No. 2:18-cv-08023-RGK-SKx, 2018 WL 6787354, at *2 (C.D. Cal. Dec. 4, 2018) (remanding where "Defendant has not offered any evidence to support" civil penalties under the SBA); *Lawrence v. FCA US LLC*, No. CV 16-05452 BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (SBA's civil penalty not considered in amount in controversy due to no "analogous verdicts or estimates about the amount"). Therefore, the Court declines to consider civil penalties when calculating the amount in controversy.

Second, Defendant claims that attorney's fees will push the amount in controversy over $75,000. (Response 8–10.) Defendant argues that Plaintiff counsel's $16,650 request for fees related to the Motion, as well as counsel's history of receiving fee awards should lead the court to infer that the fees awarded in this

case will satisfy the amount in controversy requirement. (*Id.*) The Court rejects this argument. As an initial matter, Defendant has not shown that counsel would recover over $16,000 in fees. As Defendant notes, this is a "staggering" amount to request toward a simple motion to remand and would be closely scrutinized by any court. Additionally, the mere fact that counsel has recovered fees in other cases does not inform the fees assessment in this case. Defendant does not provide evidence substantiating why *this* case will generate such significant fees, as most Song-Beverly Act cases settle well before trial or conclusion of discovery. See *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *10–11 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial."); *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (finding burden unmet where "Defendants fail[ed] to provide the Court with specific evidence showing the attorneys' fees in *this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold). Defendant fails to establish beyond speculation the measure of attorney's fees at issue in this case.

## IV.  CONCLUSION

Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000, so the Court finds that it does not have subject-matter jurisdiction over the case. Remand is therefore appropriate. 28 U.S.C. § 1447(c). The motion is denied as moot. The case is remanded to Los Angeles County Superior Court, Case No. 24NNCV01580. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**